UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No.: 3:15-cv-4655-MGL-TER |
| Plaintiff, | |
| -vs- | **REPORT AND RECOMMENDATION** |
| CORRECT CARE SOLUTIONS, | |
| Defendant. | |

## I. INTRODUCTION

The Equal Employment Opportunity Commission (EEOC) brought this action alleging that Defendant violated Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, when it discharged Kevicia Cody. Presently before the court is the EEOC's Motion to Dismiss (Document # 36). Defendant filed its Response (Document # 44) consenting in part and opposing in part Plaintiff's Motion. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. This report and recommendation is entered for review by the district judge.

## II. DISCUSSION

### A. Dismissal

The EEOC brought this action on November 19, 2015, on behalf of Cody. Cody is not a party to this action. After an initial round of discovery, including the exchange of written discovery, identification of expert witnesses, and an entry upon land at the facility in which Cody worked, the EEOC filed its motion to be dismissed as a party plaintiff from this action. Motion to Dismiss p. 1.

Within its motion, the EEOC asked that Cody be allowed time to file a motion to intervene in the matter if she so chose. The undersigned entered an Order (Document # 39) allowing Cody thirty days from the date of the order to file a motion to intervene. She was warned that a failure to do so could result in the action being dismissed in its entirety. The EEOC was directed to serve a copy of the order on Cody by regular and certified mail and to provide the court with proof of service. The EEOC filed a Reply (Document # 42) in which it provided proof of service on Cody on November 6, 2016. Cody has not filed a motion to intervene or otherwise made an appearance in this action. Defendant filed a Response (Document # 44), stating that it did not oppose the EEOC's request to be dismissed from this action.

The EEOC can bring suit on behalf of anyone who has filed a timely charge of discrimination. General Telephone Co. v. EEOC, 446 U.S. 318, 332, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980); 42 U.S.C. § 2000e-5(f).[1] As with any other plaintiff, the EEOC has the right to seek a voluntary dismissal of its action. Fed.R.Civ.P. 41(a)(2). However, the aggrieved party has the right to intervene in the action. Adams v. Proctor & Gamble Mfg. Co., 697 F.2d 582, 583 (4th Cir.1983); 42 U.S.C. § 2000e–5(f)(1). Here, because Defendant consents to the dismissal of the EEOC from this action and Cody has not sought to intervene despite notice and opportunity, dismissal of this case with prejudice is proper.

B. **Attorney's Fees and Costs**

However, the EEOC also asked in its motion that neither it or Defendant be liable for the other party's costs, expenses, and/or attorney's fees. Defendant opposes this portion of the EEOC's

---

[1] Congress has directed the EEOC to exercise the same enforcement powers, remedies, and procedures that are set forth in Title VII of the Civil Rights Act of 1964 when it is enforcing the ADA's prohibitions against employment discrimination on the basis of disability. 42 U.S.C. § 12117(a).

motion. Because dismissal is appropriate as stated above, the only issue remaining to be addressed by the court is whether Defendant is entitled to recover the attorney's fees and costs incurred in defending this action.

Congress expressly provides for the award of reasonable attorney's fees and costs to prevailing parties, other than the United States, under the ADA. 42 U.S.C. § 12205; 29 U.S.C. § 794a(b). A prevailing defendant may be awarded attorney's fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith" or "that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 418, 423 (1978). Plaintiff asserts in its motion that Defendant is not a prevailing party because of the voluntary dismissal, and, even if it was, Plaintiff's claims were not frivolous, unreasonable, or groundless.

It does not appear that the Fourth Circuit has squarely addressed the question of whether a defendant is a prevailing party when the plaintiff voluntarily dismisses the case. In Moss v. Mackey, No, 1:07-cv-135, 2009 WL 322046 (E.D.N.C. Feb. 10, 2009)[2], the District Court for the Eastern District of North Carolina relied on case law from the Eighth Circuit in holding that a determination of the Christianburg factors regarding whether plaintiff's action was frivolous, unreasonable, or without foundation, is "not possible unless the merits of the case have been tried or the subject of a dispositive motion." Id. at *4 (citing Marquart v. Lodge 837, 26 F.3d 842, 852 (8th Cir.1994)).

---

[2]Although the court was considering attorney's fees under 42 U.S.C. § 1988, the same analysis applies here. See Small v. Dellis, 211 F.3d 1265, at *2 (4th Cir.2000) ("The attorney's fee provision in the ADA borrows its fee-shifting language from other civil rights statutes, and therefore carries the same underlying policies."); Barnes Found. v. Township of Lower Merion, 242 F.3d 151, 158 n. 6 (3d Cir.2001) ("The standards for assessing claims for attorney's fees pursuant to section 1988 and under the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k), are identical. . . . [As a result,] "cases used to interpret one statute may be used to interpret the other.").

Therefore, if plaintiff voluntarily dismisses a case before the court has had any opportunity to address the merits of the case, either through dispositive motions or a trial, the defendant cannot prove that it is a prevailing party for purposes of receiving attorney's fees. Id. The court concluded that it could "find no legal basis to grant the relief sought inasmuch as the dismissal was taken before the court had any opportunity to review the merits of plaintiffs' claims against the private defendant." Id. at *6.

The Marquart court provided a thorough analysis of the issue. The court noted that the Title VII statute allowing for an award of attorney's fees and costs to the prevailing party fails to define the term "prevailing party." Marquart, 26 F.3d at 847 (citing 42 U.S.C. § 2000e-5(k)). "While a court may award attorneys' fees to a prevailing Title VII plaintiff in 'all but very unusual circumstances,' a court may not award attorneys' fees to a prevailing Title VII defendant unless the 'court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" Id. at 848 (citing Albemarle Paper Co. v. Moody, 422 U.S. 405, 415, 95 S.Ct. 2362, 2370, 45 L.Ed.2d 280 (1975); Christiansburg, 434 U.S. at 422, 98 S.Ct. at 701). The court noted that the equitable considerations, such as encouraging "vigorous enforcement of rights protected under Title VII," for awarding attorney's fees to prevailing plaintiffs in all but very unusual circumstances, are absent in the case of a prevailing Title VII defendant. Id. As such, "the Supreme Court has declared that a prevailing defendant is entitled to attorney's fees only in very narrow circumstances." Id. (citing Eichman v. Linden & Sons, Inc., 752 F.2d 1246, 1248 (7th Cir.1985)). The Marquart court stated that the Christianburg "standard strikes an appropriate balance between the dual policy considerations underlying [the attorney's fees provision]: To discourage the litigation of frivolous, unreasonable, groundless, or vexatious claims, but without discouraging the rigorous enforcement of federal rights under Title VII. Id. The court

also recognized the Farrar v. Hobby, 506 U.S. 103, 113 S.Ct. 566 (1992) definition of prevailing plaintiff as "one who achieves a material alteration of the legal relationship among the parties," but determined that an "importation" of that definition into a definition for a prevailing defendant would not comport with the public policy considerations set forth above. Id. at 851. If that definition was also used for a prevailing defendant, the court reasoned, a defendant who obtained a voluntary dismissal with prejudice would be a prevailing party. Id. However, the court believed that the Supreme Court intended to prevent such a result by limiting the definition to prevailing plaintiffs. Id.

The Marquart court determined that, because a prevailing defendant cannot receive attorney's fees unless it proves that a plaintiff's case is frivolous, unreasonable or groundless, a defendant cannot be considered prevailing unless the court has made a judicial determination of the plaintiff's case on the merits. Id. at 852. Other courts have found similarly. See, e.g., Roane v. City of Mansfield, 229 F.3d 1153 (6th Cir. 2000) ("Defendants are not prevailing parties under § 1988 inasmuch as Defendants did not receive a favorable judicial determination on the merits."); EEOC v. Pet, Inc., 543 F.Supp. 911 (M.D.Ala.1982) (holding that a voluntary dismissal made an award of fees to the defendant inappropriate), aff'd, 719 F.2d 383 (11th Cir.1983); compare E.E.O.C. v. Greenbriar Pontiac-Oldsmobile-GMC Trucks-KIA, Inc., 314 F. Supp. 2d 581, 586 (E.D. Va. 2004) (noting that both parties agreed that the defendant was a prevailing party based upon the plaintiff's voluntary dismissal of the claim against it). In the present case, the court has not been presented with an opportunity to address the merits of this case. The undersigned agrees with the courts above that to determine whether a claim was frivolous, unreasonable, or without foundation, the court necessarily must be presented with the opportunity to address the substance of why the claim was

frivolous, unreasonable, or without foundation.[3]

In its response to Plaintiff's Motion, Defendant states that Plaintiff "fails to provide this Court with any facts or authority to support its argument that its claims . . . were not frivolous, unreasonable, or groundless and Defendant is not the prevailing party." Def. Resp. p. 8. It is Defendant, however, that bears the burden of showing attorney's fees are appropriate. See Introcaso v. Cunningham, 857 F.2d 965, 967 (4th Cir. 1988) (holding that "defendants must show that plaintiff's claims were objectively 'frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after his claim clearly became so'") (emphasis added). Because this matter is voluntarily dismissed by Plaintiff, the court has not been presented with the opportunity to substantively determine whether this claim was frivolous, unreasonable, or without merit. Additionally, based on the "merits" contained in the motion to dismiss and subsequent response, reply and exhibits, Defendant fails to show that the claim was frivolous, unreasonable, or without merit when the EEOC brought this claim considering information known to Plaintiff, including but not limited to, its information from Cody, her neurologist, and Plaintiff's knowledge of Cody's job description. Also, upon recognizing potential infirmities of its claim learned during litigation, Plaintiff filed this motion to dismiss. For these reasons, it is recommended that an award of attorney's fees be denied.[4]

---

[3]This reasoning is in accord with the directive that assessing fees against an unsuccessful plaintiff is a "conservative tool, to be used sparingly." Arnold v. Burger King Corp., 719 F.2d 63, 65 (4th Cir. 1983). Also, it is consistent with Christianburg where the Court noted that courts should not engage in post-hac reasoning that since a plaintiff was not successful, the claim must have been without foundation. Christianburg, 434 U.S. at 421-22. The Christianburg Court further recognized that decisive facts may not emerge until discovery or trial. Id.

[4]As set forth above, Defendant also seeks an award of costs. Under Rule 54(d), Fed.R.Civ.P., costs are available to a prevailing party. It is recommended that Defendant be given an opportunity to submit any such request, including a bill of costs, within ten days of the district

## III. CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Motion to Dismiss (Document # 36) be granted, that the case be dismissed with prejudice and that an award of attorney's fees be denied.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

June 23, 2017  
Florence, South Carolina

---

judge's ruling on Plaintiff's motion to dismiss.